IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AMADOR VALENTIN, #50946-004                                              PETITIONER

VERSUS                                                  CIVIL ACTION NO. 5:09cv60-DCB-MTP

UNITED STATES OF AMERICA, et al.                                        RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for dismissal. The petitioner is presently incarcerated at the FCC Yazoo City Medium, Yazoo City, Mississippi. He is requesting that his federal sentence be credited with the time he spent in service of his state sentence.

Background

Upon review of his petition [1] and as well as the memorandum of law [2], the petitioner provides the following information concerning the bases of the instant petition for habeas relief. According to the "Declaration in Support of Petition for Writ of Habeas Corpus" [2] page 33, the petitioner states that he was arrested on July 4, 1998, by the City of Miami for carjacking, armed robbery and burglary. On July 17, 1998, a writ of habeas corpus ad prosequendum was issued for the petitioner to appear in the United States District Court for the Southern District of Florida. The petitioner pled guilty in the United States District Court for the Southern District of Florida, Miami Division, and was sentenced on April 19, 1999, to imprisonment for 90 months, two years of supervised release, $100.00 assessment and $1,500.00 restitution. The petitioner was then returned to the custody of the Dade County officials at the county jail in Miami, Florida, and was subsequently sentenced by the Florida state court on May 28, 1999. The Florida state court sentenced him to seven years of imprisonment to run concurrently with the

federal sentence. Instead of being returned to the United States Marshal's Service, he was committed to the custody of the Department of Corrections for the State of Florida. He was returned to the custody of the United States Marshal's Service for delivery to the United States Bureau of Prisons on January 26, 2005.

The petitioner asserts that the Bureau of Prisons should credit his federal sentence with the time he spent serving his state sentence, <u>nunc</u> <u>pro</u> <u>tunc</u>. In fact, the petitioner contends that his constitutional rights have been violated when the Administrator of National Inmates Appeals denied his request "for designation of state institution for service of federal sentence nunc pro tunc." The petitioner states that 18 U.S.C. § 3585(b) authorizes credit for his prior custody with the state authorities. As a result, the petitioner claims that he should be given credit on his federal sentence from May 28, 1999, through January 26, 2005, the time he was in custody of the State of Florida.

Because the petition [1] and memorandum [2] were unclear whether the petitioner received credit on his state sentence for the time in question, an order [4] was entered on May 7, 2009, directing the petitioner to provide the needed information. The petitioner complied by filing his response [5] on May 14, 2009. In his response [5], the petitioner states on page 2 that "[h]e has received credit on his Florida state sentence for the time period of May 28, 1999, through January 26, 2005, while he was in custody of the State of Florida." Furthermore, the petitioner argues in his response [5] p.3 that he should receive credit for his federal sentence for time served on his state sentence because the "State of Florida's failure to return Petitioner Valentin to federal custody to serve his federal sentence as a result of it's relinquishment of primary jurisdiction it attained from it's arrest of him to the federal government by not acting on the state charges for approximately one (1) year from the date of his arrest."

Analysis

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Clearly, the petitioner in the instant civil action is challenging the manner in which his sentence is being executed. The petitioner also demonstrates that he has exhausted his administrative remedies. See exhibits to the Memorandum of Law [2].

In order to receive credit for federal detention on a federal sentence, the petitioner must be received at the facility designated for service of his federal sentence. Blackshear v. U.S., 434 F.2d 58, 59 (5th Cir. 1970). The petitioner argues that the BOP has made a mistake when it failed to grant his request for a nunc pro tunc designation of the Florida state prison where he served his state sentence as also the place for service of his federal sentence. According to the petitioner's memorandum [2], the BOP considered his request for a nunc pro tunc designation in accordance with Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). Having reviewed the BOP's response to the petitioner's nunc pro tunc designation which is attached to the petitioner's memorandum [2], this Court finds that the BOP did not "abuse[] its wide discretion in declining to grant" the petitioner's request. See Brown v. Morris, 231 Fed.Appx.312, *313, 2007 WL 1229011 (5th Cir. 2007)(citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Moreover, the plaintiff states in his response [5] that he received credit for the time in question toward his state conviction. Clearly, 18 U.S.C. § 3585(b) allows for an inmate to receive credit "toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." Therefore, since the petitioner received credit toward his state sentence for the time in question, he is precluded by 18 U.S.C. § 3585(b) to receive credit toward his federal sentence.

This court further notes that "[t]he state court's judgment that [] state sentence should run concurrently with [a] federal sentence is not binding on the BOP." Brown v. Morris, 231 Fed.Appx.312, *313, 2007 WL 1229011 (5th Cir. 2007)(citing Leal v. Tombone, 341 F.3d 427, 427-30 (5th Cir. 2003).

The petitioner's argument in his response [5] on page 3 that the "State of Florida's failure to return [him] to federal custody to serve his federal sentence as a result of it's relinquishment of primary jurisdiction it attained from it's arrest of him to the federal government by not acting on the state charges for approximately one (1) year from the date of his arrest" and thus, he is entitled to credit on this federal sentence, is without merit. According to the docket of the petitioner's criminal case, United States v. Amador Valentin, a.k.a. Herminio Aviles, Jr., a.k.a. Herminio Aviles, criminal case no. 98-562-CR-Moreno, (S. D. Fla., April 15, 1999), petitioner had been released to the United States Marshal's Service on a writ of ad prosequendum.[1] The writ of ad prosequendum provides that the petitioner is "on loan" and there is no indication that the state's custody over the petitioner was interrupted. See Causey v. Civiletti, 621 F.2d 691, 693-94 (5th Cir. 1980). Consequently, the petitioner is not entitled to relief based on this argument.

Finally, this district court finds that the petitioner filed on May 5, 2005, in his federal criminal case in the United States District Court for the Southern District of Florida a motion [38] requesting that the sentencing court recommend to the Bureau of Prisons that he be given credit for time he spent in state prison, U.S. v. Valentin, No. 98-562-CR-Moreno (S.D. Fla. Apr. 19, 1999). The said motion [38] was denied by an order [43] entered by the District Court of the Southern District of Florida on June 20, 2005. The petitioner appealed to the United States

---

[1] This information was ascertained by a review of the United States Courts PACER Service.

4

Court of Appeals for the Eleventh Circuit the decision of the federal sentencing court. The Eleventh Circuit in U.S. v. Valentin, No. 05-13759-CC (11th Cir. May 19, 2006), affirmed the decision of the Southern District of Florida.

## Conclusion

Therefore, based on the foregoing, this court has determined that petitioner has failed to present claims upon which his requested habeas relief can be granted. Consequently, this civil action will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 16th day of June, 2009.

                                                s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE